**PLAYTEX PRODUCTS, INC., Plaintiff,**

v.

**GERBER PRODUCTS COMPANY, Defendant.**

**No. 97 Civ. 5883(RO).**

United States District Court, S.D. New York.

Oct. 29, 1997.

Ableman, Frayne & Schwab, New York City, for Plaintiff; (Jeffrey A. Schwab, Nancy J. Mertzel, of counsel), and Paul A. Yestrumskas, Playtex Products, Inc., for Plaintiff.

Rogers & Wells, New York City, for Defendant; (George P. Hoare, Jr., of counsel), and Dickinson, Wright, Moon, Van Dusen & Freeman, Washington, DC, for Defendant; (Samuel D. Littlepage, of counsel), and Ross A. Robinson, Gerber Products Co., for Defendant.

## OPINION AND ORDER

OWEN, District Judge.

In 1995, plaintiff Playtex introduced a "spill proof", sip controlled drinking cup for little-ones. When a child applies suction to the cup's spout by taking a sip, a valve in the spout opens to dispense liquid. Absent suction it remains closed and if the cup is held upside down, at most only a small number of drops may come out. Obvious beneficiaries of the spill-proof cup are the nation's carpets and automobile seat cushions. Playtex has sold more than $60,000,000.00 of these cups, representing approximately seventy percent of the market.

Defendant Gerber recently introduced its spill proof, sip-controlled drinking cup, placing an advertisement in parenting magazines. The advertisement is four panels across. The first three show a photogenic toddler sitting in a high chair with an empty tray in front of him. The fourth is promotional text. Panel one shows the child holding a red spill proof cup upside down, no liquid coming out.

The text above the toddler's head reads, "The good part about most spill proof cups is that nothing comes out." The second shows the child sucking the same red cup with a frustrated look on his face, the text stating, "Unfortunately, that can also be the bad part." The third panel shows the child smiling as he sucks from a blue cup under text that reads, "Gerber introduces the Easy–Sip, Spill Proof Cup." The fourth and final panel with nothing but text includes the statement that "[Gerber's] patented valve allows for easy liquid flow that's controlled by your baby's sucking. But turn it upside down, shake it around, and virtually nothing spills out." This panel also states, "Gerber's patented valve makes our cup more than 50% EASIER to drink from than the leading cup.* " The asterisk refers to a statement at the bottom of the panel which says, "Based on independent laboratory vacuum testing."

Playtex filed a complaint against Gerber alleging that the advertisement violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and common law unfair competition. Playtex makes an assertion to create the necessary predicate for this. While there is no mention of the name "Playtex" in the ad and the cup can not be identified by an ordinary viewer of the ad as a Playtex cup [1], Playtex asserts that the cup in panels 1 and 2 is a Playtex cup. Going from there, Playtex asserts that Gerber is (1) falsely stating in the second panel that no liquid comes out of the Playtex cup when a child tries to drink from it; (2) falsely stating in the fourth panel that a) one or only a few drops of liquid are released when the Gerber cup is shaken upside down; and b) that the Gerber cup is 50% easier to drink from than the "leading" cup which Playtex asserts its cup is. Playtex moves for a preliminary injunction demanding, among other things, that all advertising material containing these statements be recalled.

In order to succeed on a motion for a preliminary injunction, plaintiff must show "(a) that it will suffer irreparable harm if relief is denied, and (b) either (1) likelihood

---

**1.** It is apparently so that the red cup in the ad is a Playtex cup. [I note that on the argument herein, the Playtex cup furnished me was blue.]

of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in plaintiff's favor." *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57, 62 (2d Cir.1992). Section 43(a) provides in relevant part:

> (1) Any person who, or in connection with any goods or services ... uses in commerce any ... false or misleading description of fact, or false or misleading representation of fact, which ... (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, ... of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damages by such act.

In order to prevail on a Section 43(a) claim, plaintiff must show "that an advertisement is either literally false or that the advertisement, though literally true, is likely to mislead and confuse consumers." *McNeil–P.C.C., Inc. v. Bristol–Myers Squibb Co.*, 938 F.2d 1544, 1549 (2d Cir.1991).

Keeping in mind that this is an application for preliminary relief, and addressing the *Castrol* tests, *supra*, I am wholly unpersuaded that Playtex has demonstrated that there is either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for trial. Obviously, I do not address questions of irreparable harm or balance of hardships though I would deem it a given that loss of market share for whatever reason, good or bad, is both a harm and hardship.

Turning directly to the ad, I reiterate that nowhere is the Playtex cup mentioned by name. The statement accompanying the picture of the toddler holding a cup upside down which reads: "The good part about most spill-proof cups is that nothing comes out" is,

of course, unobjectionable. The statement addressing a toddler with a frowning face sucking on the same cup which reads, "unfortunately, that can also be the bad part" does have support in that the Gerber's cup is designed for "babies" between 8 and 24 months of age, whereas Playtex's cup is targeted for older little ones from 12 months to five years. There is also support for the view that because suction is required to start the flow, as to a cup that requires more suction than Gerber's, some children cannot get the flow started.[2] Thus, "that can also be the bad part" has support and is of concern to parents.[3]

Playtex's attack as to the second panel, in my view, also suffers from the fact that it first requires Playtex to self-servingly argue that the cup in the photo is its cup, since the Playtex name is not mentioned anywhere in the ad; the cup does not have any recognizable distinctiveness announcing it as Playtex's, and the sentence that Playtex attacks is one which flows from the prior panel which, referring to *all* products out there, i.e. "most spill spoof cups", thus includes those made by a number of other manufacturers.

Using the third panel, Gerber does no more than introduce its "Easy–Sip Spill Proof Cup".

The fourth panel, where Gerber states that their cup "is virtually impossible to spill" is, to any reasonably objective reader nothing more than the statement, "Yes, there may be some drops but not more". Tests support this. While the statement in the fourth panel that "Gerber's Patented Valve makes each cup more than 50% easier to drink[4] from than the leading cup" was attacked vigorously in the moving papers, Playtex "virtually" conceded at oral argument that the results of a Gerber in-house test and a Gerber-commissioned outside laboratory's test, conducted by ACTS, provide adequate support for this

---

**2.** Gerber's pre-testing established that Playtex's cup requires appreciably more suction than its cup.

**3.** Internet searches presented to the Court reveal such statements as, "Trainer Cup ... our son can't suck water out of it and ends up tossing it." And as to a Playtex cup, "she hated it, had to suck too hard, ..."

**4.** [Footnote by the Court] Playtex's counsel contends that getting a drop through the valve, or a small stream, or a full flow is different from "drinking". That, in a reasonable context of a parent's assessment of the function of the cup is, in my view, sheer sophistry.

statement.[5] Playtex's only basis for its attack on the in-house test is a Gerber in-house memo which calls the in-house test "unprofessional"; according to the author of the memo, however, this criticism refers only to the presentation of the results of the in-house test—it was handwritten instead of typed—but not to the reliability of its methodology or results.

And finally, even assuming a reader of the ad would identify Playtex as the leading cup as to which Gerber's ad states that its cup is "50% easier to drink from", that statement has laboratory tests giving it adequate support as noted above.

Accordingly, Playtex's motion for a preliminary injunction is denied.

So ordered.

---

**5.** The Bachman test states that the Gerber cup requires a vacuum level of "3 inches to begin smaller stream" and "4 for full flow" as contrasted to Playtex's 7–8 for the former and 9–10 for the latter. The Gerber-commissioned ACTS test came out measuring the average vacuum level (in Hg.) as 0.7 for Gerber with Playtex requiring 5.1 for the first liquid to appear exiting the cup.